**UNITED STATES of America, Appellee,**

v.

**Rasheem POSEY, also known as "Rah," and Angelo Salvatore, also known as "Sal," Defendants–Appellants,**

**Lee Welch and Derrick Smythe, Defendants.**

**Nos. 04–1257–CR(L), 04–1801–CR.**

United States Court of Appeals, Second Circuit.

March 30, 2005.

Kurt M. Hughes, Murdoch & Hughes, Burlington, VT, for Defendant–Appellant Rasheem Posey.

John C. Mabie, Gale, Corum, Mabie & Cook, Brattleboro, VT, for Defendant–Appellant Angelo Salvatore.

John–Claude Charbonneau, Assistant United States Attorney (David V. Kirby, Acting United States Attorney for the District of Vermont, on the brief), Rutland, VT, for Appellee.

Present: WALKER, Chief Judge, CARDAMONE, and JACOBS, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED** and **REMANDED.**

Defendants-appellants Rasheem Posey and Angelo Salvatore appeal from judgments entered on February 27, 2004, and March 23, 2004, respectively, in the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*) convicting each of them, following their respective guilty pleas, of conspiring to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Posey was sentenced principally to a term of imprisonment of 100 months, and Salvatore was sentenced principally to a term of imprisonment of 87 months. Familiarity with the facts and procedural history is assumed.

■ On appeal, both appellants challenge the application of the dangerous-weapon enhancement under U.S.S.G. § 2D1.1(b)(1). Specifically, they contend that the enhancement should not apply when guns are possessed by an undercover agent and used in a guns-for-drugs transaction. As both defendants are aware, this court has squarely addressed this issue in the appeal of their co-defendant Derrick Smythe, and we, therefore, find that Judge Murtha properly applied the enhancement. *See United States v. Smythe,* 363 F.3d 127, 128 (2d Cir.2004) ("We here make clear that a defendant possesses a dangerous weapon within the meaning of U.S.S.G. § 2D1.1(b)(1) when he trades drugs for guns.").

■ Posey next argues that the district court erred by refusing to reduce his base offense level for a minimal or minor role pursuant to U.S.S.G. § 3B1.2. Section

3B1.2 provides for a 4–level reduction for minimal participation, a 2–level reduction for minor participation, and a 3–level reduction for cases falling in between. Application Note 3 explains that a minimal-role reduction

> is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently.

U.S.S.G. § 3B1.2, cmt. n. 4. A minor participant is "a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." *Id.*, cmt. n. 5.

Although Posey alleges that he did not go to Albany to pick up the drugs or handle the firearms, the PSR states that he spoke on the phone with the special agent and negotiated the drugs-for-guns trade. His role in this criminal group thus cannot be described as either minimal or minor when "compared to the average participant in such a crime." *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir.2001) (internal quotation marks omitted). We conclude, therefore, that Judge Murtha properly denied the reduction.

■ Finally, Posey maintains that Judge Murtha erred in including cocaine base seized from Salvatore as relevant conduct pursuant to U.S.S.G. § 1B1.3. This argument is without merit. Judge Murtha found Posey's base offense level to be 28, based upon at least 20 but less than 35 grams of cocaine base. Posey does not deny responsibility for the 21.4 grams that was traded; therefore, the 11.9 grams taped to Salvatore's testicles did not affect the Guidelines calculation.

In light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), this case is REMANDED to the district court for further proceedings in conformity with *Crosby*.

We have carefully considered Posey and Salvatore's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and **REMANDED.**